FILED: 8/4/2021 10:53 AM
David Trantham
Denton County District Clerk
By: Paige Perkins, Deputy

21-6587-431
CAUSE NO. _____

| | | |
|---|---|---|
| RAYMOND GARZA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | DENTON COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| D/B/A THE HOME DEPOT | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Raymond Garza (hereinafter "Plaintiff"), complains of Defendant Home Depot Product Authority, LLC (hereinafter "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiffs intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.

1

Plaintiff further unequivocally pleads that the amount in controversy in this matter does not exceed $75,000.00.

### Parties

4. Plaintiff is an individual who resides in Denton County, Texas.

5. Defendant Home Depot U.S.A., Inc. is a Delaware corporation doing business in Denton County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inc., at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about April 15, 2021. At that time, Plaintiff was an invitee at Defendant's store at 901 North Stemmons Freeway, Lewisville, Texas 75067. Plaintiff requested for an employee to get some "4 x 8" sheets of plywood for him located on a top shelf in the store. Employee of Defendant setup a cart to retrieve the plywood and asked Plaintiff to hold the cart while he climbed it. Defendant's employee dropped a sheet of plywood on Plaintiff while on the cart, causing Plaintiff to fall. As a result of Defendant's negligence and/or negligence *per se*, Plaintiff suffered severe injuries. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7. At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which

2

constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

    b. Failure to inspect the premises where the dangerous condition existed;

    c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

      b. Past and future pain, suffering and mental anguish;

      c. Past and future physical impairment;

      d. Past and future physical disfigurement;

      e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Jury Demand

15. Plaintiff hereby demands a trial by jury.

## Duty to Disclose

16. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

17. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

18. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Julian Askew*
**Julian Askew**
Texas State Bar No. 24120247
1200 Summit Avenue, Suite 504
Fort Worth, Texas 76102
Telephone: (682) 990-6333
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**